August 9, 2004

The Honorable Bryan Goertz
Bastrop County Criminal District Attorney
804 Pecan Street
Bastrop, Texas 78602

Opinion No. GA-0230

Re: Determining the applicable deadline for a municipality and a county to complete their certified subdivision regulation agreement as required in section 242.0015, Local Government Code (RQ-0182-GA)

Dear Mr. Goertz:

Section 242.0015 of the Local Government Code establishes two deadlines for completing a certified subdivision regulation agreement between a county and a municipality – January 1, 2004 for municipalities whose extraterritorial jurisdiction extends 3.5 miles or more from their corporate boundaries, and January 1, 2006 for municipalities whose extraterritorial jurisdiction extends less than 3.5 miles. TEX. LOC. GOV'T CODE ANN. § 242.0015(a) (Vernon Supp. 2004). You ask which deadline applies when a municipality's population-based extraterritorial jurisdiction extends one mile from its boundaries under section 42.021, but the municipality has extended its extraterritorial jurisdiction more than 3.5 miles at the request of affected property owners under section 42.022. *Id.* §§ 42.021-.022 (Vernon 1999).[1]

As we discuss presently, a subdivision may be subject to regulation by a municipality, the county, or both. Chapter 212 of the Local Government Code provides a municipality's general authority to regulate subdivisions and property development. After hearing, "the governing body of a municipality may adopt rules governing plats and subdivisions of land within the municipality's jurisdiction to promote the health, safety, morals, or general welfare of the municipality and the safe, orderly, and healthful development of the municipality." *Id.* § 212.002. A municipality generally may extend those municipal rules and ordinances to its extraterritorial jurisdiction ("ETJ"). *Id.* § 212.003(a). A municipality's ETJ under chapter 212, subchapter A, is generally "a municipality's extraterritorial jurisdiction as determined under Chapter 42" of the Local Government Code. *Id.* § 212.001(1) (definition of extraterritorial jurisdiction).

---

[1]*See* Letter from Barbara Bogart, Assistant District Attorney, Bastrop County Criminal District Attorney's Office, to Office of the Attorney General (Feb. 2, 2004), Supplemental Brief (Feb. 11, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter & Supplemental Brief].

Under chapter 42, the size of a municipality's ETJ generally depends on the municipality's population:

> The extraterritorial jurisdiction of a municipality is the unincorporated area that is contiguous to the corporate boundaries of the municipality and that is located:
>
> (1) within one-half mile of those boundaries, in the case of a municipality with fewer than 5,000 inhabitants;
>
> (2) within one mile of those boundaries, in the case of a municipality with 5,000 to 24,999 inhabitants;
>
> (3) within two miles of those boundaries, in the case of a municipality with 25,000 to 49,999 inhabitants;
>
> (4) within 3½ miles of those boundaries, in the case of a municipality with 50,000 to 99,999 inhabitants; or
>
> (5) within five miles of those boundaries, in the case of a municipality with 100,000 or more inhabitants.

*Id.* § 42.021. However, a municipality may extend its ETJ beyond those limits to contiguous areas where the owners have requested to be included in the municipality's ETJ. *Id.* § 42.022(b).

Counties also have authority to regulate subdivisions within their boundaries. TEX. LOC. GOV'T CODE ANN. §§ 232.001-.080 (Vernon 1999 & Supp. 2004). Before 2001, a subdivision in a municipality's ETJ was subject to both municipal and county development regulation. In that year, the Seventy-seventh Legislature amended section 242.001 of the Local Government Code to require most counties and municipalities to execute an interlocal agreement that identified whether the county or the municipality would have the authority to regulate subdivision plats and approve related permits for subdivisions within the municipality's ETJ. *See* Act of May 24, 2001, 77th Leg., R.S., ch. 1028, § 1, sec. 242.001(b)-(d), 2001 Tex. Gen. Laws 2276, 2277-78; *see* TEX. GOV'T CODE ANN. §§ 791.001-.032 (Vernon 1994 & Supp. 2004) (Interlocal Cooperation Act). A county and an existing municipality within the county's borders were to execute an agreement by September 1, 2001. *See* Act of May 24, 2001, 77th Leg., R.S., ch. 1028, § 1, sec. 242.001(c), 2001 Tex. Gen. Laws 2276, 2277-78. Until such agreement was reached, subdivisions in an ETJ would continue to be subject to both county and municipal plat approval and regulation. *See id.* § 1, sec. 242.001(c)-(f), at 2277-78.

In 2003, the Seventy-eighth Legislature added section 242.0015 to the Local Government Code. *See* Act of June 1, 2003, 78th Leg., R.S., ch. 523, § 5, sec. 242.0015, 2003 Tex. Gen. Laws 1790, 1790-92. Section 242.0015(a) establishes deadlines to begin arbitration for counties and municipalities that do not have an agreement in effect:

> If a certified agreement between a county and a municipality with an extraterritorial jurisdiction that extends 3.5 miles or more from the corporate boundaries of the municipality is not in effect on or before January 1, 2004, the parties must arbitrate the disputed issues. If a certified agreement between a county and a municipality with an extraterritorial jurisdiction that extends less than 3.5 miles from the corporate boundaries of the municipality is not in effect on or before January 1, 2006, the parties must arbitrate the disputed issues.

TEX. LOC. GOV'T CODE ANN. § 242.0015(a) (Vernon Supp. 2004).

You state that the City of Bastrop has a population between 5,000 and 24,999 inhabitants, which gives it a general one-mile ETJ under section 42.021. Supplemental Brief, *supra* note 1, at 2. However, as requested by affected property owners under section 42.022(b), the City has expanded its "voluntary" ETJ far in excess of 3.5 miles from the City's corporate boundaries. Request Letter, *supra* note 1, at 1. You suggest that the different deadlines were intended either (1) to distinguish between smaller and larger municipalities based on population, or (2) to distinguish between municipalities with smaller or larger ETJs. *See id.* at 1-2. You note that an earlier attorney general opinion construing section 242.001 stated that a municipality's ETJ is determined by a municipality's population, citing the general rule for determining ETJ in section 42.021. *See* Supplemental Brief, *supra* note 1, at 1; Tex. Att'y Gen. Op. No. JC-0518 (2002). However, as you acknowledge, Attorney General Opinion JC-0518 is not controlling because a municipality's expanded ETJ under section 42.022 was not an issue in the opinion. *See* Supplemental Brief, *supra* note 1, at 2.

In essence, your question is whether a municipality's expanded "voluntary" ETJ must be included when determining if the municipality's ETJ extends more than 3.5 miles under section 242.0015. We begin by considering section 242.0015 in its context in chapter 242 of the Local Government Code. *See Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 593 (Tex. 2000) (statutory provision is not to be construed in isolation but must be considered in context of entire statutory scheme).

Section 242.001 provides generally for regulation of subdivisions in an ETJ by municipalities and counties. Section 242.001(b) states that "[f]or an area in a municipality's extraterritorial jurisdiction, *as defined by Section 212.001*," a subdivision plat may be filed only with the approval of the applicable governmental entity as determined by the statute. TEX. LOC. GOV'T CODE ANN. § 242.001(b) (Vernon Supp. 2004) (emphasis added). As discussed previously, the definition in section 212.001 directs that an ETJ is "as determined under Chapter 42," *id.* § 212.001(1) (Vernon 1999); in chapter 42 an ETJ is generally determined by population size in section 42.021, but may extend to include contiguous areas by consent as permitted in section 42.022(b). *Id.* §§ 42.021-.022. Section 242.001(c) generally requires a municipality and the county to "enter into a written agreement that identifies the governmental entity authorized to regulate subdivision plats and approve related permits in the extraterritorial jurisdiction." *Id.* § 242.001(c) (Vernon Supp. 2004). The agreement must give either the county or the municipality exclusive jurisdiction to regulate

subdivision plats and approve related permits in the extraterritorial jurisdiction, although the agreement may apportion the ETJ so that the county and the municipality each has exclusive jurisdiction in the portion of the ETJ assigned to it. *Id.* § 242.001(c)-(d). Section 242.001 plainly requires that a certified subdivision regulation agreement apply to a municipality's entire ETJ in the county, no matter how the ETJ's extent came to be established.

Under section 242.0015(a), a county and a municipality whose ETJ extends 3.5 or more miles from its corporate boundaries became subject to arbitration if their certified subdivision regulation agreement was not in effect on January 1, 2004. *Id.* § 242.0015(a). The section does not distinguish between applicable statutory methods that establish a municipality's ETJ. *Id.* The subsection could have been written to establish different deadlines based on municipal population size, but instead it unambiguously does so based on the extent of a municipality's ETJ. By its plain language, section 242.0015(a)'s January 1, 2004 deadline applies to counties and municipalities whose ETJ extends 3.5 miles or more from the municipality's corporate boundaries, regardless of the size of the municipality's population.

## S U M M A R Y

Deadlines for completing a certified subdivision regulation agreement between a county and a municipality under section 242.0015 of the Local Government Code are based on whether the municipality's extraterritorial jurisdiction extends 3.5 miles or more from its corporate boundaries, including the extraterritorial jurisdiction established at the request of contiguous property owners.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee